## Hess v. Ganz, *Appellant*.

### Division Two, June 14, 1898.

**Appellate Practice:** TRANSFER OF CAUSE: UNCERTAIN ORDER.   An order of the Kansas City Court of Appeals, transferring a cause to the Supreme Court because its decision in a cause therein is in conflict with a decision of the Supreme Court in the third volume of the Missouri Reports, without naming the case, is so indefinite and uncertain that it confers no jurisdiction upon the Supreme Court to hear and determine the case and the case is accordingly remanded to said court of appeals.

*Transferred from Kansas City Court of Appeals.*

REMANDED.

*Jaseph Park* and *R. S. Matthews* for appellant.

*Dysart & Mitchell* for respondent.

BURGESS, J.—This case was taken by appeal to the Kansas City Court of Appeals, where on the first day of December, 1895, an opinion was rendered by Judge SMITH in which the other members of the court concurred, reversing the judgment and remanding the cause.   Thereafter plaintiff filed a motion for rehearing which was overruled, and it was ordered that on account of the opinion being in conflict with the Supreme Court's decision in the third volume of the Missouri Reports, that the cause be certified to ʰhe Supreme Court for its determination.   There are several questions passed upon in the opinion, and there

are three cases for slander reported in the third volume of the Missouri Supreme Court Reports, namely, *Cooper v. Marlow*, 188; *Adams v. Hannon*, 223, and *Williams v. Harrison*, 411, and while a number of points were passed upon in these cases, there is not one which seems to us to be in conflict with the rulings of the court in the case at bar, and we are therefore at a loss to know what case is referred to in the order of the court transferring the case to this court. In fact none of these cases are cited in the opinion of the court. The title of the case should have been given.

Our conclusion is that the order that the case be certified to this court is so uncertain, and indefinite, that this court acquired no jurisdiction of the case by reason thereof, and we order that the record be returned to the Kansas City Court of Appeals.

GANTT, P. J., and SHERWOOD, J., concur.